NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| JANE ANN HART,<br><br>        Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.,<br><br>        Defendant. | Civil No. 21-14644 (RBK)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant Wells Fargo's Motion to Dismiss (ECF No. 9). For the reasons discussed herein, Defendant's Motion is **GRANTED**.

**I.     BACKGROUND**

Plaintiff Jane Ann Hart ("Hart") took out a mortgage loan from World Savings Bank, FSB in February 2004. (ECF No. 1, Compl. ¶ 1). Hart also executed a home equity line of credit with World Savings Bank in March 2004. (*Id.*) World Savings Bank, then operating as Wachovia Mortgage FSB, was acquired by and merged into Defendant Wells Fargo ("Wells Fargo") in November 2009. (*Id.*) Wells Fargo serviced Hart's loans until April 2021. (*Id.* ¶¶ 1, 17).

In November 2012, Wells Fargo instituted foreclosure proceedings against Hart in the Superior Court of New Jersey after Hart missed payments on her mortgage loan. (Compl. ¶¶ 45, 50). The parties vigorously litigated this matter in state court for years. (Compl. ¶ 50); *Wells Fargo Bank, N.A. v. Jane Hart*, No. ATL-F-25759-12 (N.J. Super. Ct. Ch. Div.). In 2018, Hart filed a motion for leave to amend her Answer and counterclaims to add class action claims

1

pertaining to Wells Fargo's fee collection system. (Pl. Opp'n Br., Ex. F at 9–34). Specifically, Hart asserted claims for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of the New Jersey Consumer Fraud Act; (4) violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"); and (5) conspiracy to violate RICO. (*Id.*) On August 24, 2018, after oral argument and briefing, New Jersey Superior Court Judge Michael J. Blee denied Hart's motion to amend her answer and counterclaims, finding that Hart's proposed claims were meritless and futile. (Def. Mot., Ex. A at 29–36); (Pl. Opp'n Br., Ex. G). The Superior Court granted a final judgment of foreclosure to Wells Fargo in January 2019. (Pl. Opp'n Br., Ex. I).

Shortly thereafter, Wells Fargo requested that the Superior Court vacate the 2019 judgment so that Wells Fargo could add an additional lien holder as a defendant. (Pl. Opp'n Br., Ex. J). The court did so, and Wells Fargo filed an amended complaint in July 2019. (Pl. Opp'n Br., Ex. K). In response, Hart filed counterclaims and an answer asserting the same class action counterclaims that were the subject of Judge Blee's 2018 decision. (Def. Mot., Exs. B, F); (Pl. Opp'n Br., Ex. L). Wells Fargo cross-moved to dismiss these claims. (ECF No. 12-1 at 6).

On October 8, 2019, Judge Blee granted Wells Fargo's cross motion to dismiss Hart's counterclaims, answer, and affirmative defenses with prejudice, and granted summary judgment in favor of Wells Fargo. (Def. Mem., Ex. B at 9–10); (Pl. Opp'n Br., Ex. M). On February 13, 2020, Wells Fargo again applied for entry of final judgment. (Pl. Opp'n Mem., Ex. N). It withdrew this application on March 31, 2020, however, allegedly in response to the COVID-19 pandemic. (Pl. Opp'n Br., Ex. O, P, R, U, Y). The Clerk of the Superior Court subsequently issued multiple orders instructing the parties to provide updates of the status of the foreclosure action. (Pl. Opp'n Br., Exs. Q, S, V). Eventually, the Clerk issued a notice of dismissal for lack

of prosecution. (Pl. Opp'n Br., Ex. X[1]). On May 19, 2021, Wells Fargo moved to stay the dismissal for lack of prosecution. (Pl. Opp'n Br., Ex. Y). That motion was denied. (Pl. Opp'n Br., Ex. ZZ). On June 4, 2021, the Clerk of the Superior Court dismissed the action without prejudice for lack of prosecution. (Pl. Opp'n Br., Ex. Z).

On August 5, 2021, Hart filed the instant complaint in federal court, asserting claims against Wells Fargo for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of the New Jersey Consumer Fraud Act; (4) violations of RICO; and (5) conspiracy to violate RICO. *See* (Compl. at 17–26). On September 30, 2021, Wells Fargo moved to dismiss Hart's federal complaint. (ECF No. 9, "Def. Mot."). In support of this motion, Wells Fargo filed a memorandum of law. (ECF No. 10, "Def. Mem."). Hart filed a brief opposing Wells Fargo's motion to dismiss on November 1, 2021, (ECF No. 12, "Pl. Opp'n Br."), to which Wells Fargo replied on November 15, 2021, (ECF No. 15, "Def. Reply").

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(6)

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). The complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of

---

[1] This exhibit is mistakenly labelled "Exhibit W" in Plaintiff briefing materials. (ECF No. 12-25).

a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

When deciding a motion to dismiss, courts may take judicial notice of matters of public record. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). In particular, courts may take notice of prior judicial opinions, *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999), and "the contents of another Court's docket[,]" *Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014); *Begum v. Harrison*, No. CV2013321KMESK, 2021 WL 1748102, at *1 (D.N.J. May 3, 2021) ("[O]n a Rule 12(b)(6) motion based on preclusion, I may consider documents filed in a state-court action.").

## III. DISCUSSION

### A. Collateral Estoppel/Issue Preclusion

Wells Fargo argues that Hart should be collaterally estopped from bringing these claims because the New Jersey Superior Court ruled on the exact issues Hart raises here in the prior foreclosure action brought by Wells Fargo against Hart in state court, ultimately dismissing them with prejudice. (Def. Mem. 13–14). Plaintiff responds that because the foreclosure action was dismissed without entry of judgment, collateral estoppel does not apply. (Pl. Opp'n Br. 12–14).

The doctrine of collateral estoppel, or issue preclusion, prevents a party from relitigating issues that were adjudicated in a prior lawsuit. *See In re Docteroff*, 133 F.3d 210, 214 (3d Cir. 1997). It exists to promote judicial consistency, encourage reliance on court decisions, and protect defendants from being forced to relitigate the same issues in multiple lawsuits. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980). The doctrine "also promote[s] the comity between state and federal courts that has been recognized as a bulwark of the federal system." *Id.* at 96.

Under New Jersey law, a party seeking to invoke the doctrine of collateral estoppel must demonstrate that: (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.[2] *Allen v. V & A Bros., Inc.*, 208 N.J. 114, 138 (2011). Here, the parties dispute only whether the Superior Court issued a final judgment on the merits in the New Jersey foreclosure action.[3]

With respect to the finality prong, "the doctrine of collateral estoppel applies whenever an action is 'sufficiently firm to be accorded conclusive effect.'" *In re Brown*, 951 F.2d 564, 569 (3d Cir. 1991) (quoting *Hills Dev. Co. v. Township of Bernards*, 103 N.J. 1 (1986)) (citing Restatement (Second) of Judgments § 13 (1982)); *Reid v. New Jersey Manufacturers Ins. Co.*, No. A-2401-18T2, 2020 WL 948903, at *4 (N.J. Super. Ct. App. Div. Feb. 27, 2020), *cert. denied*, 244 N.J. 446 (2020). "In determining whether the resolution was sufficiently firm, the second court should consider whether the parties were fully heard, whether a reasoned opinion was filed, and whether that decision could have been, or actually was, appealed." *In re Brown*, 951 F.2d at 569. Notably, collateral estoppel "does not require the entry of a judgment, final in the sense of being appealable." *Id.* Rather, "the question for issue preclusion is whether 'a party has had his day in court on an issue.'" *Farah v. LaSalle Bank Nat'l Ass'n as Tr. for WAMU*

---

[2] Because Defendants seek to apply collateral estoppel with respect to a New Jersey state court decision, this Court applies New Jersey's law on issue preclusion. *Anela v. City of Wildwood*, 790 F.2d 1063, 1068 (3d Cir. 1987) ("The federal court, in determining the collateral estoppel effect of a state court proceeding, should apply the law of the state where the ... proceeding took place….").

[3] We note that the four other prerequisites of issue preclusion are satisfied. The issues presented here are the same as those adjudicated in the state foreclosure action. (Def. Mem., Ex. F); *compare* (Pl. Opp'n Br., Ex. L) *with* (Compl.). Those issues were actually litigated and essential to the resolution of the prior case, and the parties here are identical to those in the state action.

*Mortg. Pass-Through Certificates Series 2006-AR7 Tr.*, No. CV152602KMMAH, 2021 WL 363703, at *4 (D.N.J. Feb. 3, 2021) (quoting *State v. K.P.S.*, 221 N.J. 266 (2015)).

The Court finds that Judge Blee's orders in the New Jersey foreclosure action are sufficiently firm as to warrant conclusive effect. The parties were fully heard on these issues; in fact, Judge Blee considered the precise issues raised in Hart's federal complaint on two occasions. In the first instance, Judge Blee entered a reasoned opinion addressing the legal and factual issues raised by Hart's proposed counterclaims and disposing of the proposed these claims on the merits. (Def. Mot., Ex. A at 31–34). This decision followed oral argument and full briefing by the parties. *See* (Def. Mot., Ex. A at 3). In the second instance, Judge Blee dismissed Hart's class action counterclaims *with prejudice*, stressing that "these claims have already been considered and rejected[.]" (Def. Mot., Ex. B at 9–10). Again, this dismissal came after full briefing and oral argument. (Def. Mot., Ex. B at 2). These decisions—particularly the second dismissal with prejudice—were clearly intended to be the final adjudication of the precise issues that Hart is now attempting to relitigate in the instant action. *Cf. Thomas v. Wells Fargo Bank, N.A.*, No. CIV.A. 15-871 JLL, 2015 WL 3879804, at *2 (D.N.J. June 22, 2015) (concluding, in the context of a *Rooker-Feldman* analysis, that "when Judge Velazquez dismissed Plaintiffs' counterclaims with prejudice in the underlying foreclosure action, he effectively rendered judgment on those claims"). *But see Mo v. JPMorgan Chase Bank, N.A.*, No. CV2014387KMESK, 2021 WL 1608895, at *4 (D.N.J. Apr. 26, 2021) (rejecting a defendant's issue preclusion argument on finality grounds, though the plaintiff's claim had been dismissed with prejudice in the underlying state foreclosure action, because the final judgment of foreclosure had not yet been entered). Indeed, the foreclosure action was poised for an entry of

6

judgment when the COVID-19 pandemic took hold and the matter was put on hold, before eventually being dismissed without prejudice. *See* (Pl. Opp'n Br., Exs. M, N, O, Y, Z, ZZ).

And while Hart was not able to appeal Judge Blee's orders as of right, *see Wells Fargo Bank, NA v. Garner*, 416 N.J. Super. 520, 523 (App. Div. 2010) ("Orders granting summary judgment, striking the answer, entering default, and returning the matter to the Office of Foreclosure are interlocutory because these orders only address issues relating to the mortgagee's right to foreclose and do not resolve any potential issues concerning the amount due. A final judgment disposes of all issues and is generally appealable as of right."), this is not dispositive, *see In re Brown*, 951 F.2d at 569 ("[T]he order of the state court granting summary judgment on liability was not final for purposes of appeal, but that does not deny it preclusive effect …."). Again, Judge Blee considered these issues not once, but twice. Moreover, as Wells Fargo stresses, Hart had the ability to seek reconsideration or leave for interlocutory review of Judge Blee's order dismissing her claims with prejudice. *See* N.J. Ct. R. 2:2-4. Thus, it cannot be said that Hart had *no* opportunity for meaningful review. In any event, the other relevant factors support a finding that the state court orders are final for preclusion purposes.

Nor is the Court persuaded by Hart's argument that application of collateral estoppel here would be unfair. Hart is correct that courts in New Jersey also consider general principles of fairness when determining whether collateral estoppel precludes the relitigation of certain issues. *Allen*, 208 N.J. at 138 ("[B]ecause [collateral estoppel] is an equitable doctrine, even if all five elements coalesce, it 'will not be applied when it is unfair to do so.'" (citation omitted)). The New Jersey Supreme Court has "identified a variety of fairness factors that favor application of collateral estoppel, including 'conservation of judicial resources; avoidance of repetitious litigation; and prevention of waste, harassment, uncertainty and inconsistency.'" *Id.* (quoting

*Olivieri v. Y.M.F. Carpet, Inc.*, 186 N.J. 511, 521 (2006)). Factors that can weigh against the application of collateral estoppel include those discussed in the Restatement (Second) of Judgments, as well as:

> [W]hether the party against whom preclusion is sought could not have obtained review of the prior judgment; the quality or extent of the procedures in the two actions is different; it was not foreseeable at the time of the prior action that the issue would arise in subsequent litigation; and the precluded party did not have an adequate opportunity to obtain a full and fair adjudication in the prior action.

*Id.* (citations omitted). "[T]he ultimate question is whether there is good reason, all things considered, to allow the party to relitigate the issue." *Id.* (quoting Restatement (Second) of Judgments § 29).

Considering these principles of fairness, the Court finds that it would not be inequitable to preclude Hart from relitigating the issues presented in her federal complaint; indeed, Hart fails to make any real argument to the contrary. The only factor that weighs against preclusion in this case is the lack of appellate review available to Hart as of right. However, for substantially the same reasons as discussed above, we find that this alone does not outweigh the substantial considerations of efficiency and consistency that support the application of collateral estoppel. The issues at stake here have been vigorously litigated, twice. Accordingly, application of the collateral estoppel doctrine is fair in this instance.

**IV. CONCLUSION**

For the reasons contained herein, Defendant's Motion to Dismiss (ECF No. 9) is **GRANTED**. An accompanying Order will issue.

Dated: 6/6/2022   /s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge